## NORTHERN PAC. R. CO. v. BEHLING.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1893.)

### No. 276.

1. MASTER AND SERVANT—NEGLIGENCE OF COEMPLOYE—STATUTORY LIABILITY OF RAILROAD COMPANIES.

Under Gen. Laws Minn. 1887, c. 13, a railroad company is liable for injuries to an employe caused by negligence of a coemploye.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

A section foreman in charge of a hand car was informed by the crew that a train was approaching from behind, but he ordered the men to go on "pumping" until he told them to stop. He delayed giving the order until the train was so close that the car could not be removed from the track in the accustomed deliberate and safe manner, and in the haste and excitement of getting it out of the way one of the crew stumbled and lost his hold, by which the car was precipitated upon another of the crew. *Held*, in an action by the latter against the railroad company, that the question whether the injury was due to negligence of the foreman was for the jury, and the court properly refused to direct a verdict for defendant. Coyne v. Railway Co., 10 Sup. Ct. Rep. 382, 133 U. S. 370, distinguished.

In Error to the Circuit Court of the United States for the District of Minnesota.

At Law. Action by Henry Behling against the Northern Pacific Railroad Company for damages for personal injury. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

John H. Mitchell, Jr., and Tilden R. Selmes, for plaintiff in er_or.
F. D. Larrabee, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-ER, District Judge.

CALDWELL, Circuit Judge. The defendant in error was a section hand in the employ of the plaintiff in error, the crew consisting of four men and a foreman. On the 27th of September, 1889, while the crew, under the direction of the foreman, was operating a hand car on the track going to their place of work, a freight train was seen approaching from the rear, and rapidly gaining on the hand car. The attention of the foreman was called to this fact, and the suggestion made that the hand car be stopped and removed from the track, to which he replied: "Never mind. You keep on pumping until I tell you to stop." He delayed giving the order to stop until the train was dangerously near the hand car, when he ordered the men to stop pumping, applied the brakes, and said, "Now get her off the track as quick as the devil will let you." When this order was given, the train was so close to the hand car that there was not time to remove the latter from the track in the accustomed orderly, deliberate, and safe manner, and in the extraordinary haste, exertion, and excitement incident to its removal from the track in time to prevent a collision one of the crew stumbled, and lost his hold upon the hand car, by which it was precipitated upon and injured the defendant in error.

No exceptions are taken to the charge of the court. It is assigned for error that the negligence complained of is. the negligence of a fellow servant; but, under the provisions of the Minnesota statute, that fact constitutes no defense. Gen. Laws 1887, c. 13; Slette v. Railway Co., (Minn.) 55 N. W. Rep. 137; Steffenson v. Railway Co., 45 Minn. 355, 47 N. W. Rep. 1068.

The only other error relied upon in argument is that the court erred in refusing to give a peremptory instruction to the jury to find a verdict for the defendant. Whether the facts proved constituted negligence, and, if so, whether the defendant in error was injured as a result of such negligence, were questions of fact for the jury to decide. The plaintiff's testimony tended to support his contention on both of these issues. As we said in the case of Railroad Co. v. Conger, 5 C. C. A. 410, 56 Fed. Rep. 20:

"It was for the jury to say whether and how far the evidence was to be believed. If by giving credit to the plaintiff's evidence, and discrediting the counter evidence, the plaintiff's case was made out, the court should not have withdrawn the case from the jury."

The case of Coyne v. Railway Co., 133 U. S. 370, 10 Sup. Ct. Rep. 382, is relied upon by the plaintiff in error, but is not in point. In that case the court say that "the injury to the plaintiff was not caused by any negligence on the part of McCormick," the foreman. In this case the jury found the foreman was guilty of negligence in not giving a timely order for the removal of the hand

car from the track, and that the injury to the plaintiff resulted from that act of negligence. In the Coyne Case the court said, "It does not appear that the approaching freight train was so near as to render it unsafe for McCormick to start the construction train," and it was, therefore, held that an order to hasten the loading of the car was not a negligent act; but in the case at bar the jury found that the foreman was guilty of negligence, not in giving, but in delaying to give, the order for the removal of the hand car from the track until there was imminent danger that it would be run into by the train before it could be removed. The serious consequences of such a collision were barely averted by unusual and extraordinary exertion on the part of the crew. The jury have found that this dangerous situation was brought about by the negligence of the foreman, and that as a result of such negligence the plaintiff sustained the injury complained of.

The judgment of the court below is affirmed.