ERIE R. CO. v. MOORE.

(Circuit Court of Appeals, Sixth Circuit. February 10, 1902.)

No. 900.

1. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — BRAKEMAN—TRACK —EVIDENCE.

Plaintiff was a brakeman. As his train approached a side track which it was to take to enable another train to pass, he, in the line of his duty, was to go forward to throw the switch. There had been a runway at the side of the track on which brakemen were accustomed to travel, and when plaintiff saw it the summer before it and the track were in good condition. Shortly before the injury the track had been raised, and the ballast between the ties had not been replaced, but the spaces were

filled with snow. The runway was covered with piles of slag, and was very difficult to walk on. The engineer wanted to make the side track without stopping the train. When the train had slowed down to one or two miles an hour, plaintiff alighted from the pilot, and ran forward to open the switch. His foot slipped between the ties, where he was held fast, and he was run over and injured by the engine. *Held*, that the questions of defendant's negligence and of plaintiff's contributory negligence were for the jury.

**2.** Same—Surrounding Circumstances—Evidence.

Where a brakeman. while running on the ties in front of a moving train, the runway at the side of the track being blocked, to open a switch, fell, and was injured, testimony that the engineer told him to hurry up, and get off the front end of the engine, and get the switch over as soon as possible, so they could get in out of the way of another train without stopping, was competent as a circumstance showing the situation under which the brakeman was acting, though the engineer did not have authority to control the brakeman as his superior, within the terms of the Ohio statute.

On Rehearing.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. This case was heard at the October term,. 1900, and is reported in 46 C. C. A. 683, 108 Fed. 986. Upon that hearing we reached the conclusion that the court did not err in submitting the case to the jury upon the question of the negligence of the railroad company and upon the alleged contributory negligence of the defendant in error. The rehearing was granted upon the questions raised as to the admissibility of certain testimony. In view of the importance of the case, however, we have re-examined the record, and have again considered the case as developed by the testimony. We see no reason to change the conclusion previously reached that the case was one to be submitted to the jury, and that the charge of the trial judge was not open to objection by the plaintiff in error. The testimony tended to show that the defendant in error was a brakeman in the employ of the railroad company; that upon the day of his injury he was upon the front part of the train,. which was proceeding westwardly from Youngstown to Kent on the line of the railroad of the plaintiff in error; that upon nearing Freedom station the train was to go upon a side track to permit the passing of an eastwardly bound train. The defendant in error, being the front brakeman, in the line of his duty, went forward for the purpose of throwing the switch. Approaching this switch, upon the northerly side of the track, there had been a runway upon which brakemen had been accustomed to travel. The summer before the injury, which occurred in December, the defendant in error had seen this runway, and it, as well as the track, was then in good condition. Shortly before the happening of the injury the track had been raised, and the ballast between the ties was not replaced. The runway, which sloped off at the point of the accident, was, for a considerable distance, covered with piles of slag, rendering it very difficult to travel upon. There was snow upon the ground at the time; which filled up the spaces between the ties. Standing upon the step of the pilot of the engine, the defendant in error observed this condition,.

and when the engine had slackened to a very slow rate of speed— barely moving, as some of the witnesses say; going one to two miles an hour, as others say—alighted from the pilot, and stepped upon the ties in front of the engine, took three or four steps forward, when his foot slipped between the ties, where he was held fast, and run over by the engine, suffering the loss of the lower part of both legs. In view of this state of the case and the guarded charge of the court, we think now, as we did upon the former hearing, that it was not error to submit to the jury the question of the negligence of the railroad company in failing to provide a reasonably safe place for the defendant in error to work, as well also the alleged negligence of the defendant in error in stepping upon the track in front of an engine in view of the situation, and the fact that the testimony tended to show that the engine was running very slowly.

Upon the rehearing the question principally argued was as to the admission of certain testimony. The plaintiff, being on the stand in his own behalf, was permitted to answer the question as to what he did immediately before the accident:

"Q. What, if anything, did he [the engineer] say to you about making the switch? A. He told me to hurry up, and go out in front of the engine, and get off the front end of the engine, and get the switch over as soon as possible, so we could get in out of the way of No. 4 without stopping."

The weight to be given this testimony is carefully limited by the trial judge in his instructions to the jury. The judge said:

"The engineer had no right to direct him to do an obviously dangerous thing, and the engineer's direction would not justify him in doing an obviously dangerous thing. Nothing can justify that, unless, possibly, an emergency such as would justify a conductor in undertaking to save the lives of his passengers. But if he said he was in a hurry, that is simply a circumstance constituting part of the situation in the light of which you will look at this question. So that when you have taken all the circumstances just as they were, if you think he exercised that care and caution that ought to have been exercised and ought to be expected of a reasonably prudent man in just that situation, then he would not be guilty of negligence, and if he did not do that he would be; and, if he is guilty of it, it defeats his suit."

The trial judge was of the opinion that the engineer was not in authority over the brakeman in such wise that he would be a superior for whose negligence the railroad company could be held responsible under the Ohio statutes, and the testimony was admitted for the sole purpose of throwing light upon the alleged contributory negligence of the defendant in error. For this purpose, we think, it was competent. Negligence consists in the doing of that which a man of ordinary prudence, under the same or similar circumstances, would not do, or in not doing that which ordinary prudence requires in the same or similar circumstances. In order to judge of the conduct of an individual under given conditions, and to determine whether the same is or is not negligence, it is necessary that the trier should be advised of the very situation in which the person charged with negligence is placed at the time; for it is in the light of such circumstances that his conduct must be judged. The question of contributory negligence is usually one of fact, and only becomes one of law when the circumstances are such that fair-minded men

can draw no other inference than that of negligence from the conduct in question. There is no exact standard of conduct which will determine whether one is guilty of negligence, applicable to all cases. It is of the highest importance that the conduct of one charged with negligence shall be viewed in the light of the situation in which he is placed at the time. In this case it appears that the engineer who made this statement to the brakeman, although he may not have been a superior servant for whose conduct the company would be responsible under the Ohio law, nevertheless was clothed with authority to direct the front brakeman to turn the switch, to tell him when he wished this to be done, and upon receiving such directions it was the duty of the brakeman to go forward for that purpose. It is true that no such direction would justify the brakeman in exposing himself to certain injury or self-evident danger in the discharge of his duties. It was a circumstance, however, which, with others, was entitled to weight in enabling the jury to determine whether the defendant in error, in choosing to go upon the track in front of the locomotive was guilty of negligence or not. The condition of the runway, the apparent smoothness of the track, the slow rate of speed at which the engine was moving, the order of the engineer to act promptly in throwing the switch that the train might go upon the side track out of the way of the coming train, were all pertinent circumstances to enable the jury to determine the situation, and the conditions under which the defendant in error acted at the time of his injury. The charge of the judge carefully limited the admission of this testimony to this purpose. It was not admitted as a ground of recovery against the railroad company, but solely for the purpose of aiding the jury in determining the question of contributory negligence on the part of the defendant in error. In Railroad Co. v. Herrick, 49 Ohio St. 25, 29 N. E. 1052, the supreme court of Ohio held it competent to show that one who was charged with contributory negligence in crossing a railroad track to take a train upon another track of the company had been informed by a messenger not connected with the railroad company that the train which was expected upon the track which he was crossing was late. This testimony was admitted, not to show negligence on the part of the railroad company, but for the purpose of enabling the jury to weigh the conduct of the plaintiff in the light of the circumstances which surrounded him at the time. Limited as it was by the charge of the judge, we think the statement of the engineer was competent.

It is said that this conclusion is in direct opposition to two cases decided in the supreme court of the United States: Railroad Co. v. Jones, 95 U. S., 439, 24 L. Ed. 506, and Coyne v. Railroad Co., 133 U. S., 372, 10 Sup. Ct. 382, 33 L. Ed. 651. In the former of these cases the plaintiff, who was a laborer on a work train, returning from work in the evening, rode upon the pilot of the engine, and while there was injured by some cars standing in a tunnel. He tried to excuse his alleged negligence in riding in such a place by showing that the foreman directed him to "jump on anywhere; that they were behind time, and must hurry." The supreme court held that such direction was no excuse for the plaintiff in getting on the pilot

of the engine when there was ample room for him in the car, and that he needlessly exposed himself to the injury which was due to his own carelessness and folly. In the Coyne Case the action was brought to recover for the alleged negligence of one McDonald, a boss, under whose directions the plaintiff, with others, was engaged in lifting rails to a flat car. McDonald ordered the plaintiff and others to make haste, and they commenced to lift the rails, which they were accustomed to raise by concerted action upon the order of McDonald, but, hurried, and agitated by the curses of McDonald, they threw the rail at one end with great force, and at the other with less force, so that it struck the end of the car, and fell, injuring the plaintiff. The supreme court held that there was nothing in this connection to show the negligence of McDonald, but that the testimony rather tended to show the injury to have resulted to the plaintiff because of the failure of himself and fellow servants to wait for the command and lift together. In the case of Railroad Co. v. Egeland, 163 U. S. 93, 16 Sup. Ct. 975, 41 L. Ed. 82, Mr. Justice Peckham states the reasons upon which the case of Railroad Co. v. Jones, supra, was decided, and also holds in the case then under consideration that it was competent to show that a laborer who had jumped from a moving train, receiving injuries, had been ordered so to do by the foreman in charge, and that this direction was competent to be considered by the jury in determining whether the plaintiff had been guilty of negligence contributing to the injury. It is true that the direction to jump in that case was given by one in authority over the plaintiff. In the case at bar there was testimony tending to show such relation between the engineer and the brakeman that it seems to us competent to permit the jury to consider this statement as a circumstance in determining the alleged contributory negligence of the plaintiff.

We find no error in the record to the prejudice of the plaintiff in error, and the judgment will be affirmed.