## CHARLES OVERTON V. MCCABE & STEEN.

### Decided March 5, 1904.

**1.—Judicial Notice—Common Law in the Indian Territory.**

The court takes judicial notice that the common law doctrine of fellow servants obtains in Arkansas by virtue of section 566, Mansfield's Digest, and that this statute was put in force in the Indian Territory by the act of Congress passed May 2, 1890.

**2.—Fellow Servants—Employes on Construction Train.**

The engineer of a construction train, operated for the purpose of laying ties on a railroad track being constructed ahead of it as it moves along, and another employe whose duty it is to assist in unloading and laying the ties, both working under the direction of the same foreman and in the employ of contractors who have undertaken the construction work, are fellow servants while engaged in such work.

**3.—Same—Evidence.**

Evidence considered and held insufficient to show that the foreman in charge of the train give an order to the engineer which resulted in plaintiff's injury.

Error from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Leslie & McReynolds,* for plaintiff in error.

*E. J. Smith* and *A. G. Moseley,* for defendants in error.

TALBOT, ASSOCIATE JUSTICE.—Defendants in error were engaged as partners in the construction of a line of railroad in the Indian Territory, and plaintiff in error was in their employ, assisting in laying the track. For the purpose of conveying the material to be used in laying the track, defendants in error used a train of flat cars propelled by a locomotive engine situated about the middle or near the rear of the train operated by an engineer. The front car of the train or pioneer car, as it was called, was provided with a whistle, upon which car the conductor rode and directed the movement of the train by means of the whistle. The flat cars were severally loaded with cross-ties and steel rails. There was a tramway or moving trough along the side of the train of cars about on a level with the floor of the cars, into or upon which the cross-ties would be placed, and then by means of the tramway moved to the front to be taken by laborers there and placed upon the roadbed, and then steel rails thirty feet long would be laid and spiked upon them. This being done, the road was ready to receive the train, and it would be moved forward another thirty feet upon the track just constructed, and the process of laying the ties and spiking of the steel rails repeated and the train moved forward, and so continued as the work progressed. W. E. Noble was general foreman, and Pat Cannon was plaintiff in error's immediate foreman. They were all in the employ of the common master, McCabe & Steen, and engaged in the common undertaking of constructing said line of railway. Plaintiff in error's

duties were to unload the ties and place them upon the train, and while so engaged, and while removing a tie from the pile stacked on a car, others fell upon the one he was removing and caused it to fall upon his foot, injuring it.

This suit was brought to recover damages on account of the injury sustained, and the court, after hearing all the evidence, gave a peremptory instruction to the jury to return a verdict for the defendant. Plaintiff excepted to the action of the court, and brings the case before us on writ of error.

Plaintiff in error alleged that "Foreman Noble, Pat Cannon and other employes, by means of rush orders and misdirection, caused the said flat car upon which plaintiff was at work to be suddenly and abruptly stopped with a sudden and violent jerk, so as to throw down upon plaintiff the ties piled high upon said platform and car, whereby plaintiff was bruised and the bones of plaintiff's great toe broken," etc. He further alleged that "said Noble, by his profane, loud and boisterous orders and directions to the engineer in charge of said locomotive engine, caused said engineer to become excited and confused to such a degree that said locomotive engineer caused said engine and cars thereto attached to suddenly and violently stop with such force as to precipitate said ties against and upon plaintiff as hereinbefore alleged; and that by reason of said wrongful acts and conduct on the part of said foreman Noble, Pat Cannon and other employes, this plaintiff has been and is damaged to the amount of ten thousand dollars."

It appears from the record that the trial judge held that the common law rule exempting the employer from liability for an injury to one employe occasioned by the negligent act of another, engaged in the same undertaking, was in force in the Indian Territory; and that it was established by the uncontroverted evidence that plaintiff Overton and the servants of defendants, whose negligence caused plaintiff in error's injury, were fellow servants, and plaintiff in error could not recover.

It is believed these conclusions are correct, and that the proper disposition of the case was made by the court below. The common law doctrine of fellow servants obtains in the State of Arkansas by virtue of the general laws of that State, found in section 566, Manfield's Digest. This statute was put in force in the Indian Territory by an act of Congress passed May 2, 1890, and the court below correctly took judicial cognizance of the same. Apollas v. Staniforth, 3 Texas Civ. App., 502; 1 Greenl. on Ev., sec. 490; Badey, Admr., v. Chubb, 16 Gratt., 284.

That plaintiff in error and the person whose negligence caused his injury were fellow servants was conclusively established by the evidence, and the court correctly declined to submit that question to the jury. The undisputed evidence shows that plaintiff in error and the engineer

operating the engine drawing the train upon which plaintiff in error was at work, or whoever caused his injury, were in the employ of the same master, engaged in the same common enterprise, and performing duties tending to accomplish the same general purpose—the construction of a railroad track. When plaintiff in error engaged to do the work assigned him in the construction of said railroad track he assumed the natural and ordinary risks incident thereto, including the risk of negligence on the part of his fellow servants. New England Ry. Co., 175 U. S. Rep., 321; Coyne v. Union Pac. Ry. Co., 133 U. S., 370; St. Louis I. M. & S. Ry. Co. v. Shackelford, 42 Ark., 417; Houston & T. C. Ry. Co. v. Rider, 62 Texas, 267. There is no pretense that defendants in error failed to provide reasonably safe appliances or reasonably prudent and competent fellow servants. While it is alleged that Noble and Cannon were foremen in charge of the men at work, and by means of rush orders, misdirection and profane, loud and boisterous directions, given by them to the engineer, the said engineer became excited and confused and stopped the train suddenly with a jerk, thereby causing plaintiff in error's injury, yet the evidence wholly fails to show what their duties as such foremen were, or that they or either of them had authority to direct and control said men in the performance of their work; and wholly fails to show that any such orders were given by either Noble or Cannon. The uncontradicted evidence shows that Noble was not present when plaintiff in error was hurt and knew nothing about his injury until afterwards, when he asked to be laid off. As to the conduct of Cannon, plaintiff testified, "Pat Cannon gave the orders at the time I was hurt," but the character of such orders, or the manner in which, or to whom given, or that they contributed in the slightest degree to plaintiff's injury, is not shown. There is no evidence whatever showing that Noble gave any order at the time, and the above statement of plaintiff in error is the only reference found in the record as to any order given by Cannon.

We conclude that plaintiff in error signally failed to show his right to recover, and that the judgment of the court below is the only proper judgment that could have been rendered under the law and facts, and the same is therefore affirmed.

*Affirmed.*