M. W. HICKS, Appellant, v. THE SOUTHERN PACIFIC COMPANY, a Corporation, Respondent.

No. 1505.   (76 Pac. 625.)

1. **Master and Servant: Injury to Employee: Negligence: Contributory Negligence: Matter of Law.**
Defendant's section foreman, when, as he knew, a passenger train was about due, directed plaintiff and the other members of the crew to put two rails, weighing 600 pounds, on a hand car, and take them to the station. On arriving at a switch the crew prepared to remove the rails, but the foreman, in an excited manner, told them to go on, and to hurry. This was repeated at the next switch, though a passenger train was in view, running 40 miles an hour. Finally, in an excited manner, he told them the train was

close at hand, and to get the rails off. As the men had hold of the second rail, the foreman cried out: "Throw it off. There will be a wreck." Those having hold of it at the opposite end from plaintiff threw it off before any signal was given, and plaintiff, not having released his hold at the same time as the others, was thrown and injured. The train passed just after the hand car was removed. *Held*, that the jury were authorized to find that the injury was caused by the negligence of defendant, through its foreman, and that plaintiff was not guilty of contributory negligence, as matter of law.

2  Same: Concurrent Negligence of Master and Fellow-Servants.

The employer is liable for an injury to an employee from the concurrent negligence of the master and fellow-servants.[1]

3.  Same: Contributory Negligence: Emergency.

Persons in great peril are not required to exercise all of that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances.[2]

...RTCH, J., dissenting.

(Decided April 23, 1904.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp*, Judge.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. From a judgment of nonsuit, the plaintiff appealed.

REVERSED.

*James S. Perry, Esq., C. C. Richards, Esq.,* and *A. E. Pratt, Esq.,* for appellant.

*Messrs. Marshall & Royle* for respondent.

BASKIN, C. J.—This is an action to recover for an injury alleged to have been inflicted upon the plaintiff by the negligence of the defendant, in whose service

[1] Pool v. Southern Pac. Co., 20 Utah 210, 58 Pac. 326.
[2] Mathews v. Mining Co., 27 Utah 193, 75 Pac. 722.

the plaintiff was at the time the injury was received. It appears, in substance, from the evidence of the plaintiff, to which no objections appear to have been made by the defendant, and which was pertinent to the issues in the case, that on the day of the injury the plaintiff and his fellow workmen, while engaged under the direction and control of the defendant's section foreman, were ordered by said foreman to place on a hand car standing upon the track two rails, each of which being about 30 feet in length, and weighing about 600 pounds, and run the hand car northward on the railroad track leading from that station at Ogden. At the time the foreman give this order, and after the rails were placed upon the hand car, he took out his watch, and, having looked at it, said: "Push out, and take them rails to the station. It is nearly train time." What station the rails were to be taken to, the foreman did not mention. In obedience to the order of the foreman, said employees pushed the hand car along the main track of the railroad for a considerable distance, to the Chase crossing at which place there was a side track upon which the hand car could have been switched; and the employees supposing that the rails were to be put off there, stopped and repared to remove them; but the foreman, who was following them up, in an excited manner and swinging his arms, shouted: "What in the hell are you stopping there for? Go on. Hurry up." Thereupon the employees pushed ahead until they reached a point where there was another side track upon which the hand car could have been switched, and upon reaching that place they again stopped for the purpose of removing the hand car from the main track; but the foreman, who was still following them, in the same excited manner as before, ordered them to go on, notwithstanding, in the meantime, a passenger train, a considerable distance from the station at Ogden was in view, and approaching at the rapid rate of speed of about 40 miles an hour. In obedience to the foreman, after the employees had moved forward some distance,

they were ordered by him to stop, and he came running up, and, in an excited manner, said: "The passenger train from Ogden is close at hand. It was due, or about due, when we started, and when I looked at my watch. Get the rails off." After one the rails had been thrown off the car, and the other one had been lifted on one of the car wheels, and the plaintiff and his coworkers had hold of it, the foreman yelled out: "Throw it off. There will be a wreck." Whereupon the parties having hold of the opposite end from that which the plaintiff had hold of, before any signal was given, threw the rail off; and the plaintiff, not having released his hold on the rail at the same time that the others did, was thrown down and injured by the rail striking him in the thigh. The distance from which the hand car was started was from a half to three-fourths of a mile from the point where it was stopped by the order of the foreman. The track over which it was pushed, for a considerable distance, was on an up grade; and, in propelling it with the heavy rails thereon, and owing to the hurry, the employees walked rapidly, and were some part of the time on the trot, and, when they reached the point where the accident occurred, they were "pretty well given out and tired." The distance from the place of the accident to the station at Ogden is 5.8 miles. The track between these places is straight, and a train could be plainly seen most of the way; and, when the train itself was not in view, the smoke from the locomotive could clearly be seen, and it indicated the movement and direction in which the train moved. At the time that the rail which caused the injury to the plaintiff was thrown down, the train was about 1,500 feet away, and coming at a rate of speed of about 40 miles an hour, and was in close proximity at the time the hand car was removed from the track. The plaintiff, in answer to the following question: "What length of time elapsed, Mr. Hicks, from the time the hand car was off the track, so that the train would not strike it, and the time when

27 Utah 34

the engine passed where the hand car had been at the time of the accident?''—said: ''Well, they had just got it off. They had just got the track clear when the shadow of the engine came over me, from where I was laying.'' At the close of plaintiff's evidence, a nonsuit was granted on the defendant's motion. The granting of the nonsuit is assigned as error.

In support of appellant's contention, his counsel has cited the case of Northern Pac. Ry. Co. v. Behling, 6 C. C. A. 681, 57 Fed. 1037. The facts involved, and the ruling of the court thereon, appear in the following syllabus: ''A section foreman in charge of a hand car was informed by the crew that a train was approaching from behind, but he ordered the men to go on 'pumping' until he told them to stop. He delayed giving the order until the train was so close that the car could not be removed from the track in the accustomed deliberate and safe manner, and, in the haste and excitement of getting it out of the way, one of the crew stumbled and lost his hold, by which the car was precipitated upon another of the crew. *Held,* in an action by the latter against the railroad company, that the question whether the injury was due to negligence of the foreman was for the jury, and the court properly refused to direct a verdict for defendant. Coyne v. Railway Co., 10 Sup. Ct. 382, 133 U. S. 370 [33 L. Ed. 651], distinguished.'' In the opinion the court said: ''The case of Coyne v. Railway Co., 133 U. S. 370, 10 Sup. Ct. 382 [33 L. Ed. 651], is relied upon by the plaintiff in error, but is not in point. In that case the court say that 'the injury to the plaintiff was not caused by any negligence on the part of McCormick,' the foreman. In this case the jury found the foreman was guilty of negligence in not giving a timely order for the removal of the hand car from the track, and that the injury to the plaintiff resulted from that act of negligence. In the Coyne Case the court said: 'It does not appear that the approaching freight train was so near as to render it unsafe for McCormick to start the construction train,'

and it was therefore held that an order to hasten the loading of the car was not a negligent act; but in the case at bar the jury found that the foreman was guilty of negligence, not in giving, but in delaying to give, the order for the removal of the hand car from the track, until there was imminent danger that it would be run into by the train before it could be removed. The serious consequences of such a collision were barely averted by unusual and extraordinary exertion on the part of the crew. The jury have found that this dangerous situation was brought about by the negligence of the foreman, and that as a result of such negligence the plaintiff sustained the injury complained of." The syllabus of the case in 133 U. S. 370, 10 Sup. Ct. 382, 33 L. Ed. 651, distinguished in the foregoing case, is as follows: "The plaintiff was a laborer or construction hand, under a construction boss or foreman of the defendant. He was injured by the fall of a steel rail, which he and other laborers were trying to load from the ground upon a flat car, and which struck the side of a flat car and fell back. The negligence alleged was that the foreman moved out the construction train to which the flat car belonged, in the face of an approaching regular freight train, to avoid which the laborers were hurrying to load the rails, and that he failed to give the customary word of command to lift the rail in concert, but, with the approaching freight train in sight, and with oaths and imprecations, ordered the men to get the rail on in any way they could, and they lifted it without concert. *Held,* that whatever negligence there was was that of either the plaintiff himself, or his fellow-servants who with him had hold of the rail." The facts in the case at bar were more favorable to the plaintiff than the facts in Northern Pacific v. Behling, supra. The pending case is also distinguishable from the Coyne Case, supra, in this: The foreman, at the time he ordered the hand car pushed forward, knew that the passenger train was due, and also knew the distance from Ogden to the point where the accident

occurred, and that it would only require a few minutes for the train to run that distance (at the rate of 40 miles an hour, it would require about 8 minutes), yet he ordered the men to move forward with the car; and, when they reached the first switch, and were preparing to run the car on the side track there, he, in a violent manner, ordered them to proceed, and, when they had reached the second switch, and were preparing to run the car into the side track there, he, having followed them, again, in an excited and violent manner, ordered them forward, notwithstanding the train was in full sight, and approaching at the rate of 40 miles an hour. That he knew at that time there was unusual danger from the approaching train was shown by his violent and excited manner, and it was recklessness upon his part to order the employees to go farther. That the point from which the hand car was started to the point where, under the order of the foreman, it was stopped, being from a half to three-quarters of a mile, he must have been aware of the patent fact, at the time he gave this order to move the hand car, that it would require extraordinary exertion to push it that distance, throw off the rails, and remove the hand car from the main track, within the few minutes occupied by the passenger train, which was due when the hand car was started, in making the distance from Ogden to the point where it was finally stopped. That the precipitate and rash haste in which the foreman ordered the rail to be thrown down was negligence which materially contributed in causing the injury.

As stated by Mr. Chief Justice Waite in Grand Trunk Ry. v. Cummings, 106 U. S. 702, 27 L. Ed. 266, "the principle is universal that, when the negligence of the principal and that of a fellow-servant together produce injury, the principal is liable therefor." Pool v. Southern Pac. Co., 20 Utah 210, 58 Pac. 326; Bailey's Master's Liability to Servant, 439. Therefore the contention of the respondent that, as the employees who precipitately threw the rail which in-

jured the plaintiff were his fellow-servants, the defendant is not responsible, is not tenable.

The respondent also contends that it was negligence on the part of the plaintiff not to let go of the rail as the rest of the employees did, as by doing so he would not have been injured. Whether he was negligent in that regard was, under the facts disclosed, a question of fact for the jury, and not for the court, as a matter of law, to decide, for, at the time the rail by which the plaintiff was injured was being held by the employees, the train was only 1,500 feet away, and, at the rate of speed at which it was running, would reach the hand car in 25 1-2 seconds; and, unless the hand car had been removed within that time, a collision would have occurred, and the lives of the persons on the passenger train would have been thereby endangered. In this dangerous emergency, which arose from the previous reckless orders of the foreman, the conduct of the employees can not, as a matter of law, be held to have been negligence, for the reason that, as the circumstances were extraordinary, it would be unjust to measure their conduct "by that of a prudent man unruffled by emergency." Barrows on Negligence, 40; Beach on Contributory Negligence (2d Ed.), secs. 40-42; Mathews v. Daly-West Min. Co., 27 Utah 193, 75 Pac. 722.

The respondent also contends that the employees "could, in a moment of time, have stepped from the railroad track, and have protected themselves from any danger of personal injury from the Ogden train, if there had been any danger, and that there was nothing to justify their alarm or excitement, or justify their reckless, careless, or negligent handling of the rails, whereby plaintiff was injured." To have stepped from the railroad track, as the foreman was not attempting to flag the approaching train, and permit the threatened collision, would have been inexcusable. Nor is the contention that there "was nothing to justify the alarm and excitement" supported by the facts disclosed.

The evidence introduced was sufficient to support a verdict for the plaintiff. The nonsuit was therefore improperly granted. The judgment is reversed, with costs, and it is ordered that the case be remanded, with instructions to the court below to reinstate the same and grant a new trial.

McCARTY, J., concurs, BARTCH, J., dissents.